**KILPATRICK STOCKTON LLP**
Joseph Petersen (JP-9071)
31 West 52nd Street
14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800





Attorneys for Plaintiff Kwik Goal, Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KWIK GOAL, LTD.

                         Plaintiff,

- against -

YOUTH SPORTS PUBLISHING, INC. d/b/a
SOCCERONE and MARK NEUDORFF

                      Defendants.

06 Civ. ____

COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiff Kwik Goal, Ltd. ("Kwik Goal"), by its attorneys Kilpatrick Stockton LLP, for its complaint against defendants Youth Sports Publishing, Inc. d/b/a SoccerOne ("SoccerOne") and Mark Neudorff (SoccerOne and Mr. Neudorff, collectively, "Defendants"), hereby demands a jury trial and alleges upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     Kwik Goal is a leading supplier of soccer and other sports related merchandise. It brings this action for copyright infringement under the Copyright Laws of the United States, passing off under the Lanham Act, trade dress infringement under the Lanham Act, breach of contract, unfair competition, deceptive and dishonest acts and practices, misappropriation and unjust enrichment.

2.     In communications widely available over the internet, Defendants have advertised, promoted and sold soccer products other than genuine KWIK GOAL® merchandise in connection with photographs of genuine KWIK GOAL® merchandise reproduced from Kwik Goal's copyrighted catalogs. Defendants have also marketed and sold in the U.S. sports training devices that mimic the distinctive configuration and features of certain of Kwik Goal's sports training devices.

3.     Defendants' blatant infringements of Kwik Goal's copyrights, their passing off of products as genuine KWIK GOAL® merchandise when such is not the case, and their distribution and sale of look-alike KWIK GOAL® merchandise, has directly and irreparably harmed, and unless enjoined will continue to harm, Kwik Goal. Defendants' conduct has caused Kwik Goal to suffer a substantial loss in revenue; however, money damages alone cannot adequately compensate Kwik Goal for the harm caused to it as a result of Defendants' actions.

4.     Accordingly, Kwik Goal seeks a judgment and Order from this Court, inter alia: (i) declaring that Defendants have violated federal and state law as described more fully below; (ii) awarding Kwik Goal treble damages and an award of Defendants' profits or the maximum permissible amount of statutory damages in connection with Kwik Goal's copyright claims; (iii) awarding Kwik Goal injunctive relief; (iv) awarding Kwik Goal attorneys' fees and costs, pre-judgment and post-judgment interest as well as such other relief as may be appropriate.

## JURISDICTION AND VENUE

5.     Kwik Goal's claims for copyright infringement arise under the Copyright Laws of the United States, Title 17 U.S.C. § 101 et seq., and this Court has federal jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338. The claims for passing off and trade dress infringement arise under the Trademark Laws of the United States, Title 15 U.S.C. § 1051

et seq., and this Court has federal jurisdiction over such claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§1331 and 1338. This Court has federal jurisdiction over the related claims for common law unfair competition pursuant to 28 U.S.C. § 1338(b). This Court has supplemental jurisdiction over the related claims for breach of contract, deceptive and dishonest acts and practices, misappropriation and unjust enrichment pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

6.      Jurisdiction over the Defendants comports with the United States Constitution and the long-arm statute for the State of New York, Rule 302 of the New York Civil Practice Law and Rules.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because defendant SoccerOne is deemed to reside in this District and because Defendants have engaged in, and continue to engage in, acts of offering for sale and selling the products at issue in this action within this District.

## THE PARTIES

8.      Plaintiff Kwik Goal, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a business address located at 140 Pacific Drive, Quakertown, PA 18951, is a leader in the design, manufacture and distribution of a broad array of sports related merchandise.

9.      Defendant SoccerOne, a California corporation located at 7349 Canoga Avenue, Canoga Park, CA 91303, distributes soccer related merchandise over the internet and at a retail location. SoccerOne transacts business in New York and throughout the United States.

10.     Defendant Mark Neudorff is an individual residing at 7806 Jason Ave., Canoga Park, CA 91304.   Upon information and belief, Mr. Neudorff is a co-founder of SoccerOne and has had direct involvement, participation, and a financial interest in, as well as supervision over, the acts of infringement complained of herein.

## FACTUAL BACKGROUND

I.     **Kwik Goal**

11.     Since 1981, Kwik Goal has been engaged in the design, manufacture and distribution of soccer products.  It currently offers a wide variety of sports related merchandise in connection with the federally registered trademark KWIK GOAL® among other federally registered and/or common law trademarks (such merchandise hereinafter "KWIK GOAL® Merchandise").

12.     Kwik Goal is a family owned company which is now very well-known in the industry for its innovative, high-quality line of merchandise.  It is currently one of the largest suppliers of high-end soccer equipment in North America.

13.     Kwik Goal currently offers a line of sports-related merchandise comprised of over 470 products in connection with soccer, baseball, lacrosse, football, rugby, and field hockey.  Its soccer goals and equipment are used and endorsed by the United States Soccer Federation, the governing body of soccer in all its forms in the United States, and by Major League Soccer, the United States' most prestigious professional soccer league.

14.     Kwik Goal distributes its line of KWIK GOAL® Merchandise through numerous retailers located throughout the United States and many other countries.  Its pioneering efforts in the design of sports products have earned Kwik Goal numerous patents.  Kwik Goal is also the owner of a number of federally registered, incontestable trademarks associated with its

-4-

KWIK GOAL® branded merchandise and owns numerous copyrights associated with its website, product catalogs, training materials, and instruction manuals.

**A.   Kwik Goal's Copyrighted Catalogs**

15.   For many years, Kwik Goal has promoted its line of KWIK GOAL® Merchandise through the publication of a yearly catalog providing an overview of the KWIK GOAL® Merchandise that Kwik Goal plans to make available during the upcoming year.

16.   Kwik Goal's yearly, copyrighted catalogs consist in large part of photographs of the merchandise that Kwik Goal intends to market for the upcoming year along with a variety of product related information.

17.   Among other copyright registrations, Kwik Goal is the owner of all copyright rights in the following catalogs (collectively referred to herein as the "Works"):

| Title of Work | © Reg. No. | Date of Reg. |
|---|---|---|
| Kwik Goal 1997 Full Line Soccer Equipment Catalog | TX-4-580-917 | April 17, 1997 |
| Kwik Goal 1999 Soccer Equipment Catalog | TX-4-942-281 | March 8, 1999 |
| Kwik Goal 2000 Soccer Equipment Catalog | TX-5-185-981 | April 25, 2000 |
| Kwik Goal 2001 Soccer Equipment and Supplies Catalog | TX-5-421-443 | August 20, 2001 |
| Kwik Goal Ltd. 2002 Soccer Equipment and Supplies Catalog | TX-5-554-492 | March 5, 2002 |
| Kwik Goal Ltd. 2003 Soccer Equipment Catalog | TX-5-701-364 | February 24, 2003 |
| Kwik Goal Ltd. 2004 Catalog | TX-6-160-674 | April 25, 2005 |

18.   True and correct copies of the cover of the Works are attached as Exhibit 1, and true and correct copies of Kwik Goal's corresponding copyright registration certificates are attached as Exhibit 2.

19.     The Works are original works of authorship embodying copyrightable subject matter and Kwik Goal has at all times complied with the Copyright Act with respect to said Works. The associated copyrights are subsisting, valid and fully enforceable and Kwik Goal is the exclusive owner of the copyright registrations with the United States Register of Copyrights with respect to the Works.

20.     As owner of all rights under copyright in the Works, Kwik Goal is entitled to all of the exclusive rights and remedies accorded by the Copyright Act to a copyright owner.

**B.     Kwik Goal's Distinctive Speed Ladder**

21.     Since at least as early as December 2002, Kwik Goal has manufactured, promoted and sold in the United States a multi-sport cross-training device called a "speed ladder." Since its introduction, Kwik Goal's "speed ladder" product has become one of Kwik Goal's best-selling training aid products.

22.     Kwik Goal's speed ladder is a 20'L X 20"W ladder shaped product featuring twelve (12) flat adjustable yellow rungs with a red frame and accompanying red storage bag. Sports enthusiasts use Kwik Goal's speed ladder to improve their speed, agility and balance by running through the squares created by the product's ladder-shaped design. A photograph of the distinctive KWIK GOAL® speed ladder and accompanying bag is attached as Exhibit 3.

23.     Kwik Goal has invested substantial sums in advertising, marketing, and promoting its distinctive speed ladder. As a result, the consuming public has come to recognize, and does recognize, the distinctive color scheme of Kwik Goal's speed ladder as being used by Kwik Goal and/or by a single source, and to associate and identify such distinctive elements with Kwik Goal. Kwik Goal enjoys a valuable reputation and derives substantial goodwill and value from the aforesaid identification by the consuming public and trade.

NEWYORK.355647.1

24.     The distinctive color scheme of Kwik Goal's speed ladder is not functional.

**C.     Kwik Goal's Distinctive Target Rebounders**

25.     For many years, Kwik Goal has manufactured, promoted and sold, in the United States, a soccer training device called a "rebounder." Rebounders are used by soccer players to practice kicking soccer balls into goals. The design of the rebounder allows for the ball to bounce back to the player after he or she has kicked the ball into the goal.

26.     Since at least as early as 1999, Kwik Goal has marketed and sold rebounder products that feature a white frame with black netting, a moveable red square "target," and white ground shoes with red caps (hereinafter, Kwik Goal's "Target Rebounders"). A true and correct photograph of one such distinctive KWIK GOAL® Target Rebounder, Kwik Goal's AFR-2 rebounder, is attached as Exhibit 4.

27.     Kwik Goal has invested substantial sums in advertising, marketing, and promoting its distinctive Target Rebounders. As a result, the consuming public has come to recognize, and does recognize, the distinctive color scheme of Kwik Goal's Target Rebounders as being used by Kwik Goal and/or by a single source, and to associate and identify such distinctive elements with Kwik Goal. Kwik Goal enjoys a valuable reputation and derives substantial goodwill and value from the aforesaid identification by the consuming public and trade.

28.     The distinctive color scheme of Kwik Goal's Target Rebounders is not functional.

-7-

## II.  Defendants' Infringing Activities

29.     SoccerOne operates a website from the internet address www.soccersupplies.com.  SoccerOne and its associated website are managed, controlled and/or directed by defendant Mark Neudorff.

30.     SoccerOne is primarily an internet retailer or "e-tailer" of soccer related products including KWIK GOAL® Merchandise.  True and correct copies of pages from SoccerOne's website are attached as Exhibit 5.

31.     Like almost all e-tailers, SoccerOne allows consumers who visit its website to view images of its merchandise which is organized by product category. (SoccerOne categorizes its available merchandise in a number of categories, including, without limitation, balls and accessories, books, DVDs and videos, coach and game supplies, field and game equipment, first aid supplies, uniform and apparel and goals, nets and accessories.)

32.     Consumers visiting SoccerOne's website can order merchandise from SoccerOne directly through the website and SoccerOne thereafter ships such merchandise anywhere in the United States, including into the Southern District of New York.

33.     In connection with SoccerOne's distribution of Kwik Goal® Merchandise, and on or about December 18, 2004, Kwik Goal granted SoccerOne conditional permission for SoccerOne to use Kwik Goal's catalog and web site images solely in connection with SoccerOne's promotion and sale of genuine KWIK GOAL® Merchandise (the "Conditional Permission).  A true and correct copy of the Conditional Permission, signed by defendant Mark Neudorff, is attached as Exhibit 6.

34.     The Conditional Permission expressly states that "[a]ll 'Artwork' is copyrighted and is the exclusive property of KWIK GOAL LTD."

35.     The permission granted in the Conditional Permission commenced on December 16, 2004 and expired on December 16, 2005.

36.     Notwithstanding the limitations imposed by the Conditional Permission on SoccerOne's use of Kwik Goal's catalog and website images, and its notice to Defendants of Kwik Goal's exclusive rights, Defendants have blatantly and repeatedly copied images from Kwik Goal's copyrighted catalogs and have used such images in connection with the promotion and sale of products other than genuine KWIK GOAL® Merchandise.

37.     For example, a photograph of a deluxe scrimmage vest, which first appeared in Kwik Goal's copyrighted 1997 catalog, has been copied by Defendants and the identical photograph appears in SoccerOne's website in connection with the promotion and sale of a scrimmage vest that is not a genuine KWIK GOAL® scrimmage vest. Specifically, when an order is placed with SoccerOne for the scrimmage vest depicted on its website, Defendants ship a scrimmage vest that is not a genuine KWIK GOAL® scrimmage vest. The vest (including its associated packaging) shipped by Defendants is of a markedly inferior quality as compared to genuine KWIK GOAL® scrimmage vests.

38.     A true and correct copy of the deluxe scrimmage vest image from Kwik Goal's copyrighted 1997 catalog is attached as Exhibit 7 and true and correct copies of pages from Defendants' website containing copies of this image, one of which has been altered to show the same vest multiple times, are attached as Exhibit 8.

39.     Further, a photograph of a soccer bag, which first appeared in Kwik Goal's copyrighted 1999 catalog, has been copied by Defendants and the identical photograph appears in SoccerOne's website in connection with the promotion and sale of a soccer bag that is not a genuine KWIK GOAL® soccer bag. Specifically, when an order is placed with SoccerOne for the soccer bag depicted on its website, Defendants ship a bag that is not a genuine KWIK

-9-

GOAL® soccer bag. The soccer bag (including its associated packaging) shipped by Defendants is of a markedly inferior quality as compared to genuine KWIK GOAL® soccer bags.

40.     A true and correct copy of the soccer bag image from Kwik Goal's copyrighted 1999 catalog is attached as Exhibit 9 and a true and correct copy of a page from Defendants' website containing a copy of this image is attached as Exhibit 10.

41.     Further, a photograph of a wet striper, which first appeared in Kwik Goal's copyrighted 2000 catalog, has been copied by Defendants and the identical photograph appears in SoccerOne's website in connection with the promotion and sale of a wet striper that is not a genuine KWIK GOAL® wet striper. Specifically, when an order is placed with SoccerOne for the wet striper depicted on its website, Defendants ship a wet striper that is not a genuine KWIK GOAL® wet striper. The wet striper (including its associated packaging) shipped by Defendants is of a markedly inferior quality as compared to genuine KWIK GOAL® wet stripers.

42.     A true and correct copy of the wet striper image from Kwik Goal's copyrighted 2000 catalog is attached as Exhibit 11 and a true and correct copy of a page from Defendants' website containing a copy of this image is attached as Exhibit 12.

43.     Further, a photograph of an equipment bag, which first appeared in Kwik Goal's copyrighted 2001 catalog, has been copied by Defendants and the identical photograph appears in SoccerOne's website in connection with the promotion and sale of an equipment bag that is not a genuine KWIK GOAL® equipment bag. Specifically, when an order is placed with SoccerOne for the equipment bag depicted on its website, Defendants ship a bag that is not a genuine KWIK GOAL® equipment bag. The bag (including its associated packaging) shipped by Defendants is of a markedly inferior quality as compared to genuine KWIK GOAL® equipment bags.

-10-

44.     A true and correct copy of the equipment bag image from Kwik Goal's copyrighted 2001 catalog is attached as Exhibit 13 and a true and correct copy of a page from Defendants' website containing a copy of this image is attached as Exhibit 14.

45.     Further, a photograph of a soccer "compression sleeve," which first appeared in Kwik Goal's copyrighted 2002 catalog, has been copied by Defendants and the identical photograph appears in SoccerOne's website in connection with the promotion and sale of a compression sleeve that is not a genuine KWIK GOAL® compression sleeve. Specifically, when an order is placed with SoccerOne for the compression sleeve depicted on its website, Defendants ship a compression sleeve that is not a genuine KWIK GOAL® compression sleeve. The compression sleeve (including its associated packaging) shipped by Defendants is of a markedly inferior quality as compared to genuine KWIK GOAL® compression sleeves.

46.     A true and correct copy of the compression sleeve image from Kwik Goal's copyrighted 2002 catalog is attached as Exhibit 15 and a true and correct copy of a page from Defendants' website containing a copy of this image is attached as Exhibit 16.

47.     Further, two photographs of soccer players using a soccer training device called "speed hurdles," which first appeared in Kwik Goal's copyrighted 2004 catalog (the first photograph shows red KWIK GOAL® speed hurdles, the second shows yellow KWIK GOAL® speed hurdles), have been copied by Defendants and the identical photographs appear in SoccerOne's website in connection with the promotion and sale of speed hurdles that are not genuine KWIK GOAL® speed hurdles. Specifically, when an order is placed with SoccerOne for the speed hurdles depicted on its website, Defendants ship speed hurdles that are not genuine KWIK GOAL® speed hurdles. The speed hurdles shipped by Defendants (including the associated packaging) are of a markedly inferior quality as compared to genuine KWIK GOAL® speed hurdles.

-11-

48.     True and correct copies of the speed hurdles images from Kwik Goal's copyrighted 2004 catalog are attached as Exhibit 17 and true and correct copies of pages from Defendants' website containing copies of this image are attached as Exhibit 18.

49.     Further, a photograph of a goal carry bag, which first appeared in Kwik Goal's copyrighted 2001 catalog, has been copied by Defendants and the identical photograph appears in SoccerOne's website in connection with the promotion and sale of a goal carry bag that is not a genuine KWIK GOAL® goal carry bag. Specifically, when an order is placed with SoccerOne for the goal carry bag depicted on its website, Defendants ship a goal carry bag that is not a genuine KWIK GOAL® carry bag. The goal carry bag shipped by Defendants (including its associated packaging) is of a markedly inferior quality as compared to genuine KWIK GOAL® goal carry bags.

50.     A true and correct copy of the goal carry bag image from Kwik Goal's copyrighted 2001 catalog is attached as Exhibit 19 and a true and correct copy of a page from Defendants' website containing a copy of this image is attached as Exhibit 20.

51.     Further, a photograph of an alternative goal bag, which first appeared in Kwik Goal's copyrighted 1999 catalog, has been copied by Defendants and the identical photograph appears in a catalog produced and distributed by SoccerOne in connection with the promotion and sale of a goal carry bag that is not a genuine KWIK GOAL® goal carry bag. Specifically, when an order is placed with SoccerOne for the goal carry bag depicted on its website, Defendants ship a goal carry bag that is not a genuine KWIK GOAL® carry bag. The goal carry bag shipped by Defendants (including its associated packaging) is of a markedly inferior quality as compared to genuine KWIK GOAL® goal carry bags.

52.     A true and correct copy of the goal carry bag image from Kwik Goal's copyrighted 1999 catalog is attached as Exhibit 21 and a true and correct copy of a page from Defendants' website containing a copy of this image is attached as Exhibit 22.

53.     Kwik Goal has never authorized Defendants to copy images from Kwik Goal's catalogs and use such images in connection with the promotion and sale of merchandise other than genuine KWIK GOAL® Merchandise.  In fact, the Conditional Permission expressly provides that "the 'Artwork' may not be altered and/or used for any purpose other than to advertise KWIK GOAL product(s) …"

54.     The Conditional Permission further provides that "[f]ull credit and copyright information, with respect to KWIK GOAL LTD.'s ownership, must appear with each publication of the 'Artwork.'"  Notwithstanding this requirement, none of the images identified above which appear in SoccerOne's website refer to Kwik Goal's ownership of such image.

55.     Also, after Kwik Goal's introduction of its distinctive speed ladder product, Defendants commenced offering for sale, and continue to offer for sale, a speed ladder product which has the same distinctive red and yellow colors as Kwik Goal's speed ladder, and the same dimensions.  Defendants' speed ladder product (including its associated packaging) is of a markedly inferior quality as compared to genuine KWIK GOAL® speed ladders.  A true and correct copy of a page from Defendants' website containing a copy of Defendants' speed ladder is attached as Exhibit 23.

56.     Also, after Kwik Goal's introduction of its distinctive Target Rebounders, Defendants commenced offering for sale, and continue to offer for sale, a rebounder product which has the same distinctive colors as Kwik Goal's target rebounders.  Defendants' target rebounder product (including its associated packaging) is of a markedly inferior quality as compared to genuine KWIK GOAL® Target Rebounders.  A true and correct copy of a page

-13-

from Defendants' website containing a copy of Defendants' target rebounder product is attached as Exhibit 24.

        57.      Defendants' actions have been willful and in bad faith.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**

        58.      Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 - 57 of this Complaint with the same force and effect as if fully set forth herein.

        59.      The Works are original works of authorship, and Kwik Goal is the sole and exclusive owner of all right, title and interest in and to the copyrights in the Works.

        60.      Prior to its creation of the relevant portions of its website, Defendants had access to the Works.

        61.      Significant portions of SoccerOne's website are identical or substantially similar to copyrighted materials in the Works.

        62.      Without Kwik Goal's authorization, Defendants copied images and text from Kwik Goal's copyrighted catalogs in violation of Kwik Goal's exclusive rights under Section 106 of the Copyright Act.

        63.      Defendants' conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

        64.      Defendants have received substantial revenues and substantial profits arising out of their unauthorized use and exploitation of the Works and Kwik Goal has also suffered damages as a result of Defendants' infringing conduct for which Defendants are responsible.

-14-

### COUNT TWO - PASSING OFF

65.    Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66.    Defendants' willful and knowing promotion of products other than, and different from, genuine KWIK GOAL® Merchandise in connection with copies of images of genuine KWIK GOAL® Merchandise has caused or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Kwik Goal, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Kwik Goal and misrepresents the nature, characteristics, or qualities of Defendants' goods in violation of 15 U.S.C. § 1125(a)(1).

67.    Defendants' conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

68.    Defendants have received substantial revenues and substantial profits arising out of the aforesaid conduct and Kwik Goal has also suffered damages as a result of Defendants' aforesaid conduct for which Defendants are responsible.

### COUNT THREE
### TRADE DRESS INFRINGEMENT

69.    Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.    Defendants' willful and knowing sale of speed ladder and target rebounder products which feature the distinctive elements of Kwik Goal's speed ladder and target

-15-

rebounder products has caused or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Kwik Goal, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by Kwik Goal and misrepresents the nature, characteristics, or qualities of Defendants' goods in violation of 15 U.S.C. § 1125(a)(1).

71.     Defendants' conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

72.     Defendants have received substantial revenues and substantial profits arising out of the aforesaid conduct and Kwik Goal has also suffered damages as a result of Defendants' aforesaid conduct for which Defendants are responsible.

## COUNT FOUR
## BREACH OF CONTRACT

73.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     In the Conditional Permission, defendant SoccerOne agreed that the "'Artwork' may not be altered and/or used for any purpose other than to advertise KWIK GOAL product(s) for the sale of KWIK GOAL products ...".

75.     In the Conditional Permission, defendant SoccerOne further agreed to provide full credit and copyright information with respect to Kwik Goal's ownership of copyrights in "Artwork" (as that term is defined in the Conditional Permission).

76.     Defendant SoccerOne has breached the Conditional Permission by, inter alia, using Kwik Goal's copyrighted images by altering such images and/or using them for purposes other than to advertise Kwik Goal products for the sale of Kwik Goal products.

77.     Defendant SoccerOne has further breached the Conditional Permission by failing to include appropriate copyright notices in connection with its copying and display of Kwik Goal's copyrighted images.

78.     Kwik Goal has suffered damages as a result of defendant SoccerOne's breach of the Conditional Permission for which defendant SoccerOne is responsible.

## COUNT FIVE
## UNFAIR COMPETITION

79.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.     The aforesaid conduct constitutes unfair competition in violation of applicable state law.

81.     Defendants have acted willfully, wantonly and maliciously in committing said tortious acts in violation of applicable state law.

82.     As a result of Defendants' aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

## COUNT SIX
## VIOLATION OF NEW YORK LAW PROHIBITING
## DECEPTIVE ACTS AND PRACTICES

83.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

-17-

84.     The aforesaid conduct constitutes deceptive trade practices in violation of the New York General Business Law § 349 et seq.

85.     Defendants' conduct is causing immediate and irreparable injury to Kwik Goal and will continue to both damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

86.     Defendants have acted willfully, wantonly and maliciously in committing said tortuous acts in violation of the New York General Business Law § 349 et seq..

87.     As a result of Defendants' aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

## COUNT SEVEN
## MISAPPROPRIATION

88.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.     The aforesaid conduct constitutes misappropriation in violation of applicable state law.

90.     Defendants have acted willfully, wantonly and maliciously in committing said tortuous acts in violation of applicable state law.

91.     As a result of Defendants' aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

## COUNT EIGHT
## UNJUST ENRICHMENT

92.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

NEWYORK.355647.1

93.   The aforesaid conduct constitutes unjust enrichment in violation of applicable state law.

94.   Defendants have acted willfully, wantonly and maliciously in committing said tortuous acts in violation of applicable state law.

95.   As a result of Defendants' aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

### REQUEST FOR RELIEF

**WHEREFORE**, Kwik Goal requests relief as follows:

1.   Declaring that Defendants have violated Kwik Goal's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the state laws identified above.

2.   Awarding to Kwik Goal:

(a)   On Count One, actual damages and an award of Defendants' profits in an amount to be determined at trial or the maximum permissible amount of statutory damages for each act of copyright infringement, punitive damages and attorneys' fees;

(b)   On Count Two, compensatory damages including an award of Defendants' profits and treble damages in an amount to be determined at trial, and attorneys' fees;

(c)   On Count Three, compensatory damages including an award of Defendants' profits and treble damages in an amount to be determined at trial, and attorneys' fees;

(d)   On Count Four, compensatory damages in an amount to be determined at trial;

(e)   On Count Five, compensatory damages and punitive damages in an amount to be determined at trial;

-19-

(f)     On Count Six, compensatory damages and punitive damages in an amount to be determined at trial;

(g)     On Count Seven, compensatory damages and punitive damages in an amount to be determined at trial;

(h)     On Count Eight, compensatory damages and punitive damages in an amount to be determined at trial;

(i)     On all Counts, awarding Kwik Goal interest, including pre-judgment interest, on the foregoing sums; and

(j)     On all Counts, awarding Kwik Goal its costs in this civil action.

3.     Granting Kwik Goal a preliminary and, thereafter, permanent injunction restraining Defendants, their agents, officers, licensees, affiliates, principals, subsidiaries, parents, servants, representatives, employees, attorneys, shareholders, divisions, successors and assigns, and all those in active concert or participation with them who receive notice of such judgment directly or otherwise, from, inter alia,:

(a)     copying, displaying, reproducing or otherwise infringing any portion of the Works in any form or medium;

(b)     promoting and/or marketing products other than KWIK GOAL® Merchandise in connection with copies of images of genuine KWIK GOAL® Merchandise;

(c)     filling customer orders received as a result of Defendants' unauthorized copying and reproduction of the Works;

(d)     selling, supplying, distributing, or otherwise providing or making available, either directly or indirectly, a "speed ladder" with a configuration similar to the distinctive configuration and features of Kwik Goal's speed ladder;

-20-

(e)     selling, supplying, distributing, or otherwise providing or making available, either directly or indirectly, a target rebounder product with a configuration similar to the distinctive configuration and features of Kwik Goal's Target Rebounder products; and

(f)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (e) above.

4.     Ordering that Defendants be subject to a constructive trust and provide an accounting and disgorge and pay to Kwik Goal all direct and indirect gains, profits and advantages derived by Defendants from their unlawful conduct.

5.     Ordering that Kwik Goal shall have such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           January 19, 2006

                              KILPATRICK STOCKTON LLP


                              Joseph Petersen (JP-9071)
                              31 West 52nd Street, 14th Floor
                              New York, New York 10019
                              Tel: (212) 775-8700
                              Fax: (212) 775-8800

                              Attorneys for Plaintiff
                              Kwik Goal, Ltd.

NEWYORK.355647.1