UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KWIK GOAL, LTD.,
                                Plaintiff,

                              06 Civ. 395 (HB)

                - against -

                              <u>OPINION & ORDER</u>

YOUTH SPORTS PUBLISHING INC. D/B/A
SOCCERONE and MARK NEUDORFF,

                                Defendant.
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Plaintiff, Kwik Goal, Ltd., filed a complaint against Defendants, Youth Sports Publishing Inc. d/b/a SoccerOne ("SoccerOne") and Mark Neudorff ("Neudorff") (SoccerOne and Neudorff, collectively, "Defendants") that alleged copyright infringement, trade dress infringement, breach of contract, unfair competition, deceptive and dishonest acts and practices, misappropriation and unjust enrichment under state and federal law.[1] On March 31, 2006, Defendant Neudorff filed a motion to dismiss the complaint for lack of personal jurisdiction. Defendants then moved on April 26, 2006 to transfer venue, pursuant to 28 U.S.C. § 1404(a), from this Court to the Central District of California. I stayed the motion to dismiss pending decision on this transfer application. For the reasons below, the motion to transfer venue is GRANTED.

## I.    BACKGROUND

      These facts are taken from the Complaint, unless stated otherwise. Plaintiff, Kwik Goal, a corporation based in Pennsylvania, designs, manufactures, and sells sports merchandise, including soccer equipment. This merchandise is distributed in connection with a federally registered trademark, KWIK GOAL®. Defendant SoccerOne, a corporation based in California, is primarily an internet retailer of soccer-related products, which includes plaintiff's KWIK GOAL® merchandise. Consumers purchase merchandise from the website, www.soccersupplies.com, and SoccerOne then ships that merchandise to customers located anywhere in the United States, including the Southern District of New York. Defendant

---

[1] Plaintiff brings a copyright infringement claim under the Lanham Act, 15 U.S.C. § 1125(a), a trade dress infringement claim under the Lanham Act, 15 U.S.C. § 1501, and the remaining causes of action under New York state law.

Neudorff manages SoccerOne's website.

On or about December 18, 2004, Kwik Goal gave SoccerOne limited permission to use Kwik Goal's catalog and website images in their promotion and sale of Kwik Goal merchandise from December 16, 2004 through December 16, 2005. This arrangement specifically stated that "[a]ll 'Artwork' is copyrighted and is the exclusive property of Kwik Goal." Despite this, Kwik Goal alleges that Defendants copied Kwik Goal's images without authorization to do so, and used those copied images to promote and sell other products of inferior quality, rather than Kwik Goal® merchandise.

Plaintiff requests damages and injunctive relief from this Court. On April 26, 2006, defendants filed this motion to transfer venue from the Southern District of New York to the Central District of California.

## II. STANDARD OF REVIEW

District courts have discretion to transfer a civil case to another district if transfer would be in the interest of justice and benefit "the convenience of the parties and witnesses." 28 U.S.C. § 1404(a); See also In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court."). A two-step inquiry is required. First, courts establish whether the case could have been filed in the transferee district and if so, determine whether the convenience and the interests of justice favor transfer. See, e.g., Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F.Supp.2d 370, 373 (S.D.N.Y. 2006). Courts consider the following in making this determination: 1) plaintiff's choice of forum, 2) location of operative facts, 3) convenience of parties and witnesses, 4) location of documents and ease of access to sources of proof, 5) relative means of the parties, 6) forum's familiarity with the governing law, 7) trial efficiency, and 8) the interests of justice. Id. The plaintiff's choice of forum is generally respected, unless the balance of factors clearly favors transfer. See, e.g., Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 576 (S.D.N.Y. 2001) (internal citation omitted). No single factor is determinative. See Citigroup Inc. v. City Holding Co., 97 F.Supp.2d 549, 561 (S.D.N.Y. 2000); See also Red Bull Assocs. v. Best Western Intern, Inc., 862 F.2d 963, 967 (2d Cir. 1988) (stating that district courts have "considerable discretion … to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"). The movant bears the burden of demonstrating that transfer is appropriate. See, e.g., Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

## III. DISCUSSION

*A. Proper Transferee Forum*

As a preliminary matter, the parties do not dispute that this case could have been brought in the Central District of California. Pursuant to 28 U.S.C. § 1391, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." See also 28 U.S.C. § 1400(a). Defendants are based in California – SoccerOne is a California corporation and Neudorff, co-founder of SoccerOne, resides in Canoga Park, California. Further, the Central District of California's personal jurisdiction over these parties is not contested since they are both residents of the State.

*B. Transfer Factors*

Thus, this motion turns on whether convenience and the interests of justice warrant transfer of this case to the Central District of California. For the reasons stated below, I find that it does.

*1. Plaintiff's Choice of Forum*

Although it is true that a plaintiff's choice of forum should not be altered "unless the balance of factors weighs strongly in favor of transfer," Caville v. Malibu Toys, Inc., 2004 WL 1516799 (S.D.N.Y. July 7, 2004), the plaintiff's selection is entitled to less deference here. First, the chosen forum is not plaintiff's home state. See Kiss My Face Corp. v. Bunting, 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003) ("While ordinarily plaintiff's choice of forum is accorded significant weight, when the forum chosen is not the plaintiff's home forum, the choice is given less deference."). Second, courts have accorded less deference to a plaintiff's choice of forum if the case lacks material or significant contacts with the forum state. See Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F.Supp.2d 203, 210 (S.D.N.Y. 1998) (internal citations omitted).

Most notably here, no one involved in this litigation is located in the SDNY. Neither the defendant, its potential witnesses, nor any of their employees reside in the SDNY. Mark Neudorff Declaration ("Neudorff Decl.") ¶¶15, 20, 21. And the same goes for the plaintiff. Rather, the defendant, and all of its potential witnesses are located in California whereas the plaintiff, and all of its potential witnesses, with the exception of one witness who resides in East Northport, New York, reside in Pennsylvania. See Neudorff Decl. ¶¶ 5, 9, 15; Anthony Caruso Declaration ("Caruso Decl.") ¶ 9.

In addition, the contacts plaintiff has with the SDNY are limited and not material. First, sales of the allegedly infringing products in this District were minimal. See also Matra Et Manurhin v. Int'l Armament Co., 628 F.Supp. 1532, 1536 (S.D.N.Y. 1986) (finding that the sale of goods in a forum does not establish a material connection to the forum if the goods are sold in many states). It is uncontested that SoccerOne's sales to New York customers were less than 4% of its total business. Neudorff Decl. ¶ 12. And even then, this 4% figure may be inflated because the plaintiff does not claim that the only goods SoccerOne sold in New York were Kwik Goal merchandise. Further, although this Court recognizes that the plaintiff maintains business relationships with entities located in the SDNY, the plaintiff does not allege that these contacts are material to, or even concern, the copyright infringement claims filed by the plaintiff. See Caruso Decl. ¶ 5.

Thus, for all of these reasons, the plaintiff's choice of forum in this case does not merit special weight.

*2. Location of Operative Facts*

Plaintiff argues that the location of operative facts is in New York because the allegedly infringing products were sold here. I disagree.

Courts in this District have found that the operative facts in infringement cases usually concern "the design, development and production of a patented product." See, e.g. AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 530 (S.D.N.Y. 2004). In this case, the allegedly infringing website was created solely by individuals who reside in California. See Neudorff Decl. ¶ 13 ("The SoccerOne website, www.soccersupplies.com, is presently operated from SoccerOne's office located in Canoga Park, California, by Karen Lee, who resides in Calabasas, California, and was previously operated by Eric Abel, the former Director of Marketing at SoccerOne, who currently resides in San Diego, California."). In addition, decisions with regard to the design and marketing of these products were made in California at SoccerOne's headquarters. These facts favor transfer to the Central District of California.

Plaintiff, however, cites cases in this District that find that the locus of operative facts should be allied with the forum chosen in trademark infringement actions, if the allegedly infringing products are sold there. See NBA Properties, Inc. v. Salvino, Inc., 2000 WL 323257, *4 (S.D.N.Y. 2000). But SoccerOne sells all its merchandise, including Kwik Goal merchandise via a national website. The linchpin to the plaintiff's claim that the SDNY is the locus of

operative facts is the mere sale of 4% of SoccerOne's total inventory in New York State. No party, witness, or employee is located in New York, thus, the NBA Properties case is inapposite.

*3. Convenience of Parties*

Neither party is present in the SDNY. However, plaintiff argues that the SDNY is manifestly more convenient for them because of their proximity to this forum. This is true. Kwik Goal, located in Quakertown, Pennsylvania, is just two hours drive from the SDNY. SoccerOne, located in Canoga Park, California, is a six hour plane ride from the SDNY. There is no question that it is more convenient for Kwik Goal to litigate here than in a forum 3000 miles away. Thus, this factor does not favor transfer.

*4. Convenience to Witnesses*

This factor is arguably most important in deciding transfer motions. See AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 529 (S.D.N.Y. 2004) (internal citation omitted). Although none of the plaintiff's witnesses reside in the SDNY, they do live considerably closer to this forum than the Central District of California. Plaintiff argues that this factor militates against transfer. I disagree. There are simply no witnesses in the SDNY but worse yet for the plaintiff, all the "key" witnesses in this case reside in California.

Since this case involves, *inter alia*, a copyright infringement claim, it appears that the key witnesses will be those SoccerOne employees who designed the allegedly infringing website. See AEC One Stop Group, Inc. v. CD Listening Bar, Inc., 326 F.Supp.2d 525, 529 (S.D.N.Y. 2004) (stating that in a copyright infringement action, "the key witnesses, . . ., are those officers and employees who were involved in the design, production, and sale" of the allegedly infringing products). Plaintiff does not contest this fact.

Plaintiff does contend, however, that SoccerOne's list of potential witnesses includes individuals whose testimony would be cumulative and unnecessary. If that is the case, this court should consider potential witnesses who may give duplicative testimony as one witness for balancing purposes. See NBA Props., Inc. v. Salvino, Inc., 2000 WL 323257, *7 (S.D.N.Y. Mar. 27, 2000); See also Dwyer v. General Motors Corp., 853 F.Supp. 690, 693 (S.D.N.Y. 1994) ("It is not the number of prospective witnesses that determines the appropriateness of a transfer but, rather, the materiality of their anticipated testimony."). Both parties include witnesses that would either give duplicative or arguably immaterial testimony – the defendants more so than the plaintiffs. That fact aside, it appears that the defense witness testimony about the allegedly

infringing website is more material to the dispute as compared with plaintiff witness testimony about the day-to-day relationship between the parties and the defendants "infringing activities in general." Caruso Decl. ¶ 9.

I find that on balance that this factor also favors transfer.

*5. Location of Documents and Ease of Access to Sources of Proof*

Plaintiff argues that transfer is disfavored because their documents are closer to the SDNY whereas defendant argues that transfer is favored because all their relevant documents are in California. But neither party has presented any evidence with regard to the volume of records and documents that they will produce and/or the cost of transporting those documents to the relevant forum. In any event, the burden on the party transporting documents is arguably minimal given the services (e.g. electronic production, overnight courier service) available to lawyers today. Since documents are easily portable and the parties have failed to give me detailed information, I find that this factor is neutral.

*6. Relative Means of the Parties*

Neither party argues that their ability to conduct this trial in either forum would be affected by their financial situation, thus this factor is neutral.

*7. Forum's Familiarity with the Governing Law*

Plaintiffs argue that because they assert two claims under New York law, the case should remain in the SDNY. This argument is unavailing. Plaintiffs fail to recognize that federal courts commonly apply state substantive law, which may not be the law of the state in which the federal court sits. See, e.g., 28 USC § 1367(a) (allowing a federal court to hear and decide a state law claim that arises between citizens of the same state). For this reason, some courts give this factor little weight. See, e.g. Prudential Sec. Inc. v. Norcom Dev., Inc., 1998 U.S. Dist. LEXIS 10569, at *17 (S.D.N.Y. July 15, 1998) ("[T]he 'governing law' factor is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the substantive law of other states."). I am of the same mind and find that this factor, at best, is neutral.

*8. Trial Efficiency and the Interests of Justice*

Neither party makes any novel argument with regard to the ability of either forum to more efficiently adjudicate this dispute, thus, I find that this factor too must be assessed as neutral.

6

### IV. CONCLUSION

On balance, the convenience and the interests of justice favor transfer of this case to the Central District of California and the motion to transfer venue is granted. The Clerk of the Court is instructed to close this matter, remove it from my docket, and transfer the case to the Central District of California.

**IT IS SO ORDERED.**

**New York, New York**
**May 31, 2006**

_____
U.S.D.J.